PATRICK KANE, Appellant, v. CHARLES THUENER *et al.*, Respondents.

St. Louis Court of Appeals, April 9, 1895.

Building Contract: DISCHARGE OF OBLIGATIONS OF SURETY BY CHANGE OF SUPERINTENDING ARCHITECT. When a building contract provides for the erection of a building under the superintendence of an architect named in it, and gives him the power to make changes in the work and to determine prices, sureties for the performance of it by the contractor will be discharged from liability if the owner substitutes another superintending architect in the place of the one so named without their consent.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Frank A. C. MacManus* for appellant.

*B. Schnurmacher* and *Wm. F. Smith* for respondents.

BOND, J.—This is an action against the sureties on a contractor's bond. The breach complained of was a delay, in the completion of the building, of fifty-three days beyond the time limited in the contract, and failure of the contractor to pay for certain material and labor whereby mechanic's liens were established against the property, which plaintiff was compelled to pay off.

The defenses were, change of the contract by the substitution, without the consent of the sureties, of another superintending architect for the one specified in the contract; and payments to the contractor contrary to the provisions of the contract.

On the trial it was conceded that defendant Thuener did not consent to the removal of the superintending architect designated by the contract. The testimony was conflicting as to whether or not the other defendant knew of, or consented to, such change. It was also conceded that plaintiff paid the contractor $79 more than was due at the time of the last payment. The court gave a peremptory instruction to find for defendant Thuener, and submitted to the jury, as to the other defendant, the issue whether or not the particular architect provided for in the contract was removed with his consent. The jury returned a verdict for both defendants, from which this appeal was taken.

The question presented is the correctness of the proposition of law embodied in the instructions of the court. The law is that a surety on the bond given for the performance of a building contract has the same right as sureties in other contracts to stand upon the strict terms of his contract; and, if a variation is made without his consent, he is discharged. *Evans v. Graden*, 28 S. W. Rep. 439; *Beers v. Wolff*, 116 Mo. *loc. cit.* 187; *Schuster v. Weiss*, 114 Mo. 166. The sureties in the present case only obligated themselves for the construction of the work agreed upon by their principal under the superintendence of a *named* architect, who was given power to make deviations or alterations in the plans by additions or omissions, and to determine the prices therefor. They did not contract that the work of the principal should be performed under the direction of a different superintending architect. The substitution, without their consent, of another for the one selected by them destroyed the identity of their contract, and under the foregoing authorities absolved them from further liability thereon.

As the jury found the issue as to the absence of consent of one of the defendants in his favor, and the

evidence conceded it as to the other defendant, the judgment in favor of both defendants was right, and will be affirmed. All concur.